IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Huertas<br><br>    Plaintiff,<br><br>v.<br><br>Marcus Rhodes,<br><br>    Defendant. | Case No. 2:25-cv-03776-SAL-MGB<br><br><br>**ORDER** |

Brandon Huertas ("Plaintiff"), proceeding pro se, filed this action seeking relief pursuant to 42 U.S.C. § 1983 based on events that occurred when he was a pretrial detainee at the J. Rueben Long Detention Center (the "Detention Center") in South Carolina. Before the court is a motion to dismiss filed by Marcus Rhodes ("Defendant"), the Director of the Detention Center. [ECF No. 19.] United States Magistrate Judge Mary Gordon Baker reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report") recommending Defendant's motion be granted in part and denied in part. [ECF No. 29.] As stated in the Report, Plaintiff's complaint meets the standard under Federal Rule of Civil Procedure 12(b)(6) and should not be dismissed on that ground. *Id.* at 5–13. However, his claims for money damages are barred by the Eleventh Amendment. *Id.* Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 14. Defendant has not objected, and the time for doing so has expired. Plaintiff filed a document stating he "respectfully accepts [the] . . . Report and Recommendation." [ECF No. 39 at 1.]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report, ECF No. 29, and incorporates it by reference. As a result, Defendant's motion to dismiss, ECF No. 19, is granted in part and denied in part. Plaintiff's claims for monetary damages against Defendant in his official capacity are dismissed. Plaintiff's due process claim against Defendant in his individual capacity may proceed. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

December 22, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

2